**Christy GREER, By and Through Her Father as Next Friend Gary GREER, Gary Greer, Plaintiffs–Appellees,**

v.

**ROME CITY SCHOOL DISTRICT, Rome City Board of Education, Larry B. Atwell, Dr., in his Official Capacity as Superintendent of Schools, Defendants–Appellants.**

No. 90–9140.

United States Court of Appeals, Eleventh Circuit.

March 12, 1992.

---

Sam S. Harben, Jr., Harben and Hartley, Gainesville, Ga., J. Anderson Davis, Brinson, Askew and Betty, Rome, Ga., for defendants-appellants.

Jonathan A. Zimring, Zimring & Ellin, Atlanta, Ga., for plaintiffs-appellees.

Before ANDERSON, Circuit Judge, CLARK, Senior Circuit Judge, and BROWN *, Senior District Judge.

CLARK, Senior Circuit Judge.

Pursuant to this court's Internal Operating Procedure 4 following Fed.R.App.P. 35, one of the members of the court has raised an issue with the panel with respect to whether our court has jurisdiction of the

---

* Honorable Wesley E. Brown, Senior U.S. District Judge for the District of Kansas, sitting by designation.

appeal in this case pursuant to 28 U.S.C. § 1292(a)(1). In order to resolve the jurisdictional issue, we think it appropriate to ensure that this court may properly exercise jurisdiction pursuant to 28 U.S.C. § 1291.

In our opinion of December 26, 1991, we recognized that uncertainty existed as to whether the district court's order was final within the meaning of 28 U.S.C. § 1291. *See Greer v. Rome City School District,* 950 F.2d 688, 693 (11th Cir.1991). Specifically, we recognized that the district court's order did not address the Greers' claims for (a) reimbursement of the costs of educational services and independent evaluations provided for Christy Greer by her family and (b) compensatory education services to compensate for services that were improperly delayed. The school district contended on appeal that the Greers abandoned at least one of these claims and we found the record unclear. *Id.* at 694 n. 11.

Because the school district offered no proof that Christy could not be educated in a regular classroom with the aid of supplementary services, it lost its case in the district court and this court. The panel considered it had jurisdiction pursuant to 28 U.S.C. § 1292 because urgency requires that the school district either furnish those services or prove Christy cannot be educated in a regular classroom with the aid of those services, thus making appropriate her transfer to Southeast Elementary School. We note that the school district need not await our final disposition of this appeal to undertake this urgent task. Indeed, the school district is under a statutory obligation to convene a meeting at least annually to review and, when appropriate, revise Christy's IEP.[1]

In light of a member of the court pointing to a possible cloud over our jurisdiction, we conclude that the most expeditious and judicially efficient solution is to request that the district court determine whether the Greers' claims for reimbursement and

---

1. 20 U.S.C. § 1414(a)(5); 34 C.F.R. § 300.343(d).

compensatory education services have been abandoned. Should the district court determine that the two claims have been abandoned, we request that the court so advise us. If these claims are still viable, we request the district court to issue its ruling on them at that court's earliest convenience. We request that the district court then reenter its final decision to reflect that all claims have been ruled on by the court and that the decision is " 'one which ends the litigation on the merits and leaves nothing for the court to do but execute the judgment.' " *Pitney Bowes, Inc. v. Mestre,* 701 F.2d 1365, 1368 (11th Cir.) (quoting *Catlin v. United States,* 324 U.S. 229, 233, 65 S.Ct. 631, 633, 89 L.Ed. 911 (1945)), *cert. denied,* 464 U.S. 893, 104 S.Ct. 239, 78 L.Ed.2d 230 (1983).

For the foregoing reasons, we WITH-DRAW our opinion of December 26, 1991, in this case and REMAND the case for further proceedings consistent with this opinion.